UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR 20-164 JRT/DTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INDICTMENT** |
| Plaintiff, | 15 U.S.C. § 714m(c) |
| | 18 U.S.C. § 658 |
| v. | 18 U.S.C. § 1014 |
| | 18 U.S.C. § 1344 |
| MARK ENGELKES, | |
| Defendant. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

**GENERAL ALLEGATIONS**

1. At times relevant to this Indictment:

**The FSA Loan Program**

2. The Farm Service Agency ("FSA") was a division of the United States Department of Agriculture ("USDA") that managed federal farm loan programs, including loans provided by the Commodity Credit Corporation ("CCC").

3. The CCC was a Government entity created by Congress to stabilize, support, and protect farm income and prices by issuing loans to farmers secured by grain and other crops.

4. In order to qualify for a loan from the CCC, farmers were required to submit a loan application in which the farmer described the crop being

SCANNED
AUG 11 2020
U.S. DISTRICT COURT MPLS

pledged as security for the loan, as well as the number of bushels and the location of the crop being pledged.

5. FSA administered the funding for loans provided by the CCC through a network of federal, state, and county offices. Each county had an FSA office responsible for managing and administrating FSA loans and others program within the county.

6. FSA regulations required that all loans be approved by the County Executive Director at the local FSA office before the loan proceeds were disbursed.

## The May 2015 Engelkes Loan

7. On or about May 7, 2015, Defendant MARK ENGELKES applied to the USDA FSA for a new $139,500 operating loan. In connection with that application, he submitted an updated security list and financial documents. That same set of financial documents was also used as part of his required Farm Business Plan which he was required to submit to the USDA each year for outstanding loans.

8. At the time of his application in or around May 7, 2015, Defendant MARK ENGELKES already had two outstanding loans with USDA FSA: an Operating Loan of $67,809.59 and an Equipment Refinance Loan of $161,900.82.

9.  After careful review of all of the information Defendant MARK ENGELKES had submitted in connection with his May 7, 2015 application, and in reliance thereon, the USDA FSA agreed to continue to service his existing loans and originate the additional loan of $139,500.

10. The USDA FSA subsequently learned defendant MARK ENGELKES had made a number of material, intentional misrepresentations concerning his balance sheets, financial statements, and collateral. Defendant MARK ENGELKES overstated the amount of collateral he owned and the amount of cash flow he had coming, and understated the amount of debt he owed to others, in order to be eligible for the aforementioned new farm loan and the continued servicing of the aforementioned outstanding farm loans he had with the USDA FSA, when, in fact, he knew these amounts were not correct.

## COUNTS 1-5
## (FALSE STATEMENTS TO FSA)

11. In or around May 2015 in the State and District of Minnesota, the Defendant,

**MARK ENGELKES,**

knowingly and willfully made and caused to be made a false statement or report, and willfully overvalued land, property, or security, for the purpose of influencing the USDA FSA, including, but not limited to, the following:

| Count | False Statement |
|---|---|
| 1 | Misrepresented his ownership interest in combine farm equipment valued at $190,500 by claiming he owned it outright free of encumbrances when, in fact, it belonged to another individual, B.E. and was subject to a prior lien, mortgage, or encumbrance. |
| 2 | Misrepresented his ownership interest in JD tractor valued at $132,500 by claiming he owned it outright when, in fact, it was purchased in the name of another individual, B.E. |
| 3 | Misrepresented his ownership interest in MM tractor valued at $2,000 by claiming he owned it outright free of encumbrances when, in fact, it belonged to another individual P.E. |
| 4 | Misrepresented his ownership interest in JD mower valued at $4,500 by claiming he owned it outright free of encumbrances when, in fact, it belonged to another individual P.E. |
| 5 | Misrepresented his ownership interest in JayCo camper valued at $32,000 by claiming he owned it outright free of encumbrances when, in fact, it was subject to prior mortgages, liens, or encumbrances. |

All in violation of Title 18, United States Code, Section 1014.

## COUNTS 6-7
(CONVERSION OF PLEDGED PROPERTY)

12. The allegations in paragraphs 1 through 10 are incorporated herein.

13. Defendant MARK ENGELKES pledged and mortgaged a number of items of farm equipment to the USDA FSA. As a result, he was required to

seek permission from USDA FSA to dispose of the mortgaged property, and required to remit payment from any sale of the property to USDA FSA.

14. Instead, on the dates and transactions listed below, in the State and District of Minnesota, the Defendant,

**MARK ENGELKES,**

knowingly concealed, removed, disposed of and converted to his own use or the use of another, property mortgaged or pledged to the USDA FSA, with an intent to defraud:

| Count | Date of Conversion | Description |
|---|---|---|
| 6 | In or around December 2015 | Sold or otherwise disposed of Case IH Tractor, Model 95C with a loader, valued at $40,000 and $5,000 respectively, without permission by FSA and failed to remit payment of the proceeds to FSA. |
| 7 | In or around February 2017 | Sold or otherwise disposed of mortgaged 2013 GMC Pickup Truck with VIN 1GT121C88BF154249, valued at $50,000, without permission by FSA and failed to remit payment of the proceeds to FSA. |

All in violation of Title 18, United States Code, Section 658.

## COUNT 8
(CONVERSION OF USDA CCC CROPS)

15. The allegations in paragraphs 1 through 14 are incorporated herein.

<u>United States v. Mark Engelkes</u>

16. In or around October 2015, Defendant MARK ENGELKES applied to the USDA CCC for a loan by mortgaging 15,641 bushels of soybeans for a total loan amount of $76,797.31

17. Pursuant to the loan terms and conditions, Defendant MARK ENGELKES agreed:

    a. his soybeans would be in a specific grain bin;

    b. his soybeans were eligible to be pledged as collateral;

    c. he had retained control of the commodity at all times;

    d. the soybeans were free and clear of all liens, security interest, and encumbrances;

    e. the quantity of the commodity pledged was, in fact, in existence and stored in the bin(s) noted;

    f. the commodity was in storable condition and such condition would be maintained;

    g. the structure would safely store the commodity through the loan period;

    h. he would post CCC loan seals on bin(s);

    i. he would maintain the identity of the pledged soybeans; and

    j. he would not move or commingle the commodity with any other commodity without prior written approval of CCC.

18. In violation of the foregoing agreements, Defendant MARK ENGELKES converted and sold the pledged soybeans without proper notification to USDA CCC between in or around January 2016 and April 2016.

19. On April 6, 2016, a spot check by USDA personnel of the site where ENGELKES certified his soybeans were located was checked and revealed they had all been removed from the site. Further investigation showed they had been sold to a local grain elevator and ENGELKES used the money to pay other debts. On May 8, 2016, the loan became delinquent, resulting in a loss to USDA CCC of approximately $85,019.36.

20. Between in or around January 2016 and April 2016, in the State and District of Minnesota, the Defendant,

**MARK ENGELKES,**

willfully stole, concealed, removed, disposed of, and converted to his own use or to that of another property owned or held by, or mortgaged or pledged to, the CCC, or any property mortgaged or pledged as security for any promissory note, or other evidence of indebtedness, which the CCC has guaranteed or is obligated to purchase upon tender;

All in violation of Title 15, United States Code, Section 714m(c).

### COUNTS 9-10
### (BANK FRAUD)

21. On or around the dates identified below, in the State and District of Minnesota, the Defendant,

**MARK ENGELKES,**

devised a scheme and artifice to obtain moneys, funds, and credits owned by, and under the custody and control of, the State Bank of Lismore of Lismore, Minnesota: Deere & Company D.B.A., John Deere Financial (JDF) of Johnston, Iowa: and CNH Industrial Capital ("CNH IC") of Lancaster, Pennsylvania: all Financial Institutions, by means of materially false and fraudulent pretenses, representations, and promises, including the following specific instances:

| Count | Date | Description |
|---|---|---|
| 9 | On or about February 27, 2014 | Defendant MARK ENGELKES submitted false statements to John Deere Financial in connection with Contract # 510000904833 in order to fraudulently purchase farm equipment in another individual (B.E.)'s name without her knowledge or consent. |
| 10 | On or about October 15, 2018 | Defendant MARK ENGELKES obtained cash funding for operating by lying about an accounts receivable which he knew did not exist in connection with State Bank of Lismore Loan #69662. |

All in violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATIONS

22.   As the result of the offenses alleged in Counts 1-5, and 9-10 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Sections 982(a)(2)(A), and Title 18, United States Code, Section 981(a)(1)(C) in conjunction with Title 28, United States Code,

United States v. Mark Engelkes

Section 2461(c), any real or personal property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violations.

23. As the result of the offenses alleged in Counts 6-7 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), any real or personal property constituting, or derived from, proceeds traceable to such violations.

24. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p).

A TRUE BILL

| UNITED STATES ATTORNEY | FOREPERSON |